IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NELSON EARL MITCHELL,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-331 (MTT) |
| **OFFICER HUNT** | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the Plaintiff's Motion for Reconsideration. (Doc. 9). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

Here, the Plaintiff has not met his burden. He has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous. The Plaintiff states

that the Defendant "has not presented a postdeprivation remedy." (Doc. 9). The Court has previously instructed the Plaintiff that his available postdeprivation remedy is to "pursue a cause of action under O.C.G.A. § 51-10-1 in state court" rather than through the Defendant. (Doc. 7 at 5). Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

    **SO ORDERED,** this 19th day of November, 2012.

                                  S/ Marc T. Treadwell
                                  MARC T. TREADWELL, JUDGE
                                  UNITED STATES DISTRICT COURT